United States District Court
Southern District of Texas

**ENTERED**

March 03, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| GEBREMEDHIN EFREM HULUF | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:26-CV-196 |
| | § | |
| JUDGE STEVENS CHUA *et al.* | § | |

## REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Petitioner Gebremedhin Efrem Huluf's letter, requesting permission to proceed *in forma pauperis*, (Dkt. No. 2), and Application to Proceed *in forma pauperis*, (Dkt. No. 10).

Pursuant to 28 U.S.C. § 1915, a claimant wishing to proceed *in forma pauperis* must submit "an affidavit that includes a statement of all assets such [claimant] possesses." 28 U.S.C. § 1915(a)(1). The decision whether to grant an application to proceed *in forma pauperis* falls within the sound discretion of the Court. *See Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); *see* 28 U.S.C. 1915(a)(1). When a court determines whether to grant *in forma pauperis* status, it should not consider the substance of the complaint. *See Eason v. Holt*, 73 F.3d 600, 602 n.10 (5th Cir. 1996). Rather, a court should examine the applicant's financial records and determine whether the applicant would suffer "undue financial hardship" if they were required to pay the filing fee. *Prows*, 842 F.2d at 140.

On February 9, 2026, Petitioner filed his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging the delayed execution of his order of removal. (Dkt. No. 1 at 4). Petitioner also requested to proceed *in forma pauperis* and avoid

1

the $5 filing fee as he is in detention and "do[es] not have access to money to cover this fee." (Dkt. No. 2 at 1). On February 17, 2026, Petitioner was ordered to supplement his request to proceed *in forma pauperis* by March 6, 2026, as the Court was unable to determine whether the filing fee would cause undue financial hardship as Petitioner did not include sufficient information regarding his financial situation. (Dkt. No. 7 at 2). To assist with supplementing his request, the Court also provided Petitioner with the Southern District of Texas' *in forma pauperis* form ("IFP application") to complete and return. (*Id.* at 3–4).

On March 2, 2026, Petitioner returned an incomplete IFP application. (*See* Dkt. No. 10). A review of the docket shows Petitioner has paid the $5 filing fee.

Accordingly, the Undersigned **RECOMMENDS** that Petitioner's letter, requesting permission to proceed *in forma pauperis*, (Dkt. No. 2), and Application to Proceed *in forma pauperis*, (Dkt. No. 10), be **DENIED as moot.**

The Clerk of Court is **DIRECTED** to send a copy of this Report and Recommendation via certified mail to Pro Se Petitioner at the address on file.

### NOTICE TO PARTIES

Within **FOURTEEN (14) DAYS** after being served with a copy of the Report and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions,

and recommendation in a magistrate judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

    **SIGNED** on this 3rd day of March, 2026.

                    Christopher dos Santos
                    United States Magistrate Judge