United States District Court
Southern District of Texas

**ENTERED**

August 11, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| GEBREMEDHIN EFREM HULUF | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:26-cv-196 |
| | § | |
| DAVID COLE[1] *et al.* | § | |

### ORDER

Respondents advised they intended to deport Petitioner pursuant to a final order of removal (*see* Dkt. No. 23). If Petitioner has been removed, this habeas action, challenging his prolonged immigration-related detention, is moot. *See, e.g.*, *Rubio Tercero v. Patterson*, No. 6:26-CV-02495 SEC P, 2026 WL 2175616, at *1 (W.D. La. July 28, 2026); *Mendoza v. Tate*, No. CV H-26-4249, 2026 WL 2091719, at *1 (S.D. Tex. July 20, 2026). Mootness divests the Court of subject matter jurisdiction, and the Court can raise it *sua sponte*. *La Union del Pueblo Entero v. Fed. Emergency Mgmt. Agency*, 762 F. Supp. 3d 552, 560 (S.D. Tex. 2024) (Garcia Marmolejo, J.); *Dailey v. Vought Aircraft Co.*, 141 F.3d 224, 227 (5th Cir. 1998).

Respondents are **ORDERED** to file an advisory confirming whether Petitioner has been removed, no later than **Tuesday, August 25, 2026**. If Petitioner has been removed, the Court will promptly dismiss this case without prejudice for lack of subject matter jurisdiction. *See Rubio Tercero*, 2026 WL 2175616, at *1.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Todd Blanche is automatically substituted for Respondent Pamela Bondi in this case. Markwayne Mullin is automatically substituted for Respondent Kristi Noem under this same rule. The Clerk of Court is **DIRECTED** to substitute these parties on the docket sheet.

1

It is so **ORDERED**.

**SIGNED** August 11, 2026.

Marina Garcia Marmolejo
United States District Judge